**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**Case No. 2:13-cv-14050-MARTINEZ-GOODMAN**

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

vs.

WE THE PEOPLE, INC. OF THE
UNITED STATES,

       Defendant.

_____/

**RECEIVER'S SEVENTH STATUS REPORT WITH
ACCOUNTING OF RECEIVERSHIP ASSETS TRANSFERRED TO COMERICA
AND
MOTION FOR PARTIAL DISCHARGE**

Melanie E. Damian, the court-appointed receiver (the "Receiver") for We the People, Inc. of the United States ("WTP" or the "Receivership Defendant") in the above-captioned Securities and Exchange Commission ("SEC") enforcement action, now submits, pursuant to this Court's *Order Granting Motion to Approve Plan for Transfer of Receivership Assets* [E.C.N.#117] (referred to herein as the "Transfer Order"), her Seventh Status Report With Accounting of Receivership Assets Transferred to Comerica and Motion for Partial Discharge, and states as follows:

## I.  INTRODUCTION

On August 7, 2014, this Court entered the Transfer Order [E.C.N. #117], granting the Receiver's Motion to Approve her Plan for the Transfer of Receivership Assets [E.C.N. #115].

In the Transfer Order, the Court approved the Receiver's plan for the transfer of the assets of the Receivership Estate to Comerica Legacy Foundation ("Comerica"), as set forth in the Receiver's Motion and attached Agreement with Comerica. *See* E.C.N. # 117 at ¶2.  This Court also ordered that, within thirty (30) days, the Receiver shall: (1) provide to the Court a full accounting of the assets transferred; (2) advise the Court as to whether there are further duties and responsibilities for the Receiver to fulfill pursuant to this Court's February 13, 2013, Order Appointing Receiver and other orders of this Court; and (3) make a recommendation as to whether the Receiver should be discharged. *Id.* at ¶8.

The Receiver submits the instant Report in compliance with the Court's directives in the Transfer Order.  As explained in greater detail below, the Receiver has thus far transferred more than 500 commercial annuities, $4.2 million in cash, one piece of real property presently valued at approximately $25,500, and miscellaneous office equipment from the Receivership Estate to Comerica.  Itemized lists of the transferred assets are attached hereto as Exhibits 1-4 and explained below. The Receiver further submits that she has very limited remaining duties and responsibilities to fulfill which, as explained below, are primarily related to the completion of pending claw-back litigation and the final assessment of Comerica's compliance with the Asset Transfer Agreement.  Therefore, the Receiver recommends that the Receiver should be discharged of her duties as Receiver with the exception, described in detail below, that she remain in place for sixth (6) months with the limited responsibilities of completing pending litigation on behalf of the Receivership Estate and conducting a final review of Comerica's compliance under the Transfer Order and Asset Transfer Agreement.

## II.  <u>BRIEF BACKGROUND</u>

On February 4, 2013, the Securities and Exchange Commission ("SEC") filed its Complaint for injunctive and other relief against WTP.  The SEC alleged that WTP offered charitable gift annuities ("CGAs") in violation of the anti-fraud provisions and registration provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934 (including Rule 10b-5 promulgated thereunder) based on WTP's "false and misleading statements made in connection with the offer, sale, and purchase of securities," *i.e.,* the issuance of the CGA agreements.  [E.C.N.# 1.at ¶3.]  That same day, the SEC filed unopposed Motions for Judgment (D.E. 3), and to Appoint a Receiver [E.C.N.# 4.].

On that same day, the Court entered the Receivership Order, which required the Receiver to "assume and control the operations of the Receivership Defendant."   [E.C.N.# 6 ¶ 4]. Pursuant to the Receivership Order, the Receiver is obligated to "determine the nature, location and value of all property interest of the Receivership Defendant," "take custody, control and possession of all Receivership Property and records relevant thereto from the Receivership Defendant," "sue for and collect, recover, receive and take into possession from third parties all Receivership Property," "manage, control, operate and maintain the Receivership Estates," "take such action as necessary and appropriate for the preservation of Receivership Property." [*Id.* at ¶ 6.A.- 6.B., 6.G.- 6.H.].

In the course of the Receiver's investigation of the acts, conduct, and financial affairs of the Receivership Entities, the Receiver identified causes of action against various parties which the Receiver has pursued on behalf of the Estate.  The Receiver has investigated and pursued causes of action against these parties in an effort to increase the value of the Receivership Estate for the benefit of WTP's customers and investors.  As explained in greater detail below, to date,

the Receiver has settled actions against the former officers and directors of WTP, against former marketing advisors for WTP, and against former counsel for WTP, resulting in a gain of more than $400,000 for the Estate.[1]

Since her appointment, the Receiver, pursuant to her duty as prescribed by the Receivership Order, has filed six (6) status reports, in which she details all of her efforts and accomplishments in this Receivership to date.   A full description of the history of the Receivership and all of the Receiver's efforts and accomplishments in connection with identifying and marshaling assets of the Estate and otherwise fulfilling her duties under the Receivership Order, are detailed in the Receiver's six previous Status Reports (collectively, the "Reports") [ECF ## 19, 45, 76, 94, 103, and 113].

### III. ACCOUNTING OF THE ASSETS TRANSFERRED TO COMERICA

Pursuant to this Court's Transfer Order, on October 7, 2014, the Receiver transferred the following assets from the Receivership Estate to Comerica:

a) 504 Commerical Annuities, listed on the spreadsheet attached hereto as **Exhibit 1** and described below;

b) Title to one piece of real property located at 3320 Harris Road, in Knoxville, Tennessee, described below and in the Property Tax Notice and Appraisal attached hereto as **Composite Exhibit 2;**

c) $4,200,000 previously held in the Receivership Estate's operating account at Wells Fargo, described in **Exhibit 3**, hereto, and discussed below;

---

[1] The Receiver has thus far settled claims against 24 former marketing advisors for WTP.  Many of the settlement agreements with the former marketing advisors provide for payment terms pursuant to which the defendants make monthly payments to the Receiver over a term.  As such, not all of the cash provided for in the agreements has been paid to or received by the Receiver, but, instead, the Receiver continues to receive their payments on a monthly basis.

d) $103.15 in petty cash previously located at the former headquarters of WTP; and

e) Miscellaneous assets, including computers and office equipment previously located at the former headquarters of WTP and more fully described on the spreadsheet attached hereto as **Exhibit 4**.

### *(a) The Commercial Annuities*

The Commercial Annuities are the CGAs at issue in the SEC's enforcement action against WTP and the primary asset of the Receivership Estate. As of the date of transfer, there were 504 commercial annuities, all of which have been transferred to Comerica. There were 941 CGAs which had been managed by the Receiver since the inception of the Receivership. The management responsibilities of the 941 CGAs were transferred to Comerica on October 7, 2014, and Comerica has been managing them ever since. The Receiver continues to receive and complete change of ownership forms from the various insurers that issued the CGAs as part of the transfer process and as required by the various insurers' policies. The annuity companies in some circumstances have made the transfer process difficult, but the Receiver's work to this end is nearly complete. Additionally, the Receiver and her counsel continue to work with Comerica to resolve individual issues with the various contracts as Comerica finalizes the transfer process in compliance with its own procedures. Other than these administrative functions, the Receiver has relinquished her responsibilities to Comerica insofar as management of the CGAs is concerned.

### *(b) The Tennessee Property*

As reported in the Initial Report and subsequent status reports, WTP owned several pieces of real property at the time the Receiver was appointed. The Receiver made every effort to market and sell those properties for prices that were in the best interest of the Receivership

Estate.  Although the Receiver was able to complete the sale of two properties held by the Estate, one piece of property remained in the Estate at the time of transfer.  Title to the property, which presently has an appraised value of approximately $25,500 and is located in Knoxville, Tennessee, was transferred to Comerica from the Estate by quitclaim deed shortly after October 7, 2014.  *See* **Exhibit 5** (the Quitclaim Deed), attached hereto.

### *(c) Cash Held In The Receivership Estate's Operating Account*

The Receivership maintained a business checking account at Wells Fargo Bank.  The account was primarily used to make payments to annuitants and to pay the costs associated with operation of the ongoing business of the Estate since the inception of the Receivership.  On October 7, 2014, the Receiver transferred $2.7 million from the Wells Fargo account to Comerica.  *See* Exhibit 3.  On October 14, 2014, the Receiver transferred an additional $1.5 million, and the Receiver has begun arrangements for the transfer of an additional $1.2 million to Comerica which will be completed by November 7, 2014.  *Id.*  As a result, the Wells Fargo account will be left with a balance of $404,654.50.  The balance will be transferred, less fees and expenses, at the termination of the Receivership.  Moreover, the Receiver will transfer the proceeds collected from the clawback actions discussed above to Comerica on at least quarterly basis until the cases are closed and/or final payments have been received.

### *(d) Petty Cash*

The Restructuring Officer had maintained a small amount of petty cash on hand in the main office from which WTP and the Receivership operated to cover minor costs which arose as part of the daily business operations.  All of the petty cash was transferred to Comerica on October 7, 2014.

### (e) Miscellaneous Assets

Any and all remaining office equipment, computers, furniture, and miscellaneous property remaining in the former headquarters of WTP and the Receivership Estate were transferred to the possession of Comerica on October 7, 2014.  Those items are listed in Exhibit 4, hereto.

## IV.  REMAINING DUTIES AND RESPONSIBILITIES OF THE RECEIVER

As indicated above and set out in the Receiver's Status Reports to date, the Receiver has fulfilled all of her duties and responsibilities to date pursuant to this Court's February 3, 2013, Order Appointing Receiver and other orders of this Court.  At this time, the Receiver's only continuing work on behalf of the Receivership Estate involves the pursuit and resolution of ongoing litigation against WTP's former marketing advisors and WTP's former counsel and administrative work to assure that the transfer of the CGAs to Comerica is carried out according to the terms of the Transfer Agreement and in the best interests of the annuitant and investors whose contracts have been transferred.   Accordingly, the Receiver submits that a partial discharge of the Receiver is appropriate.

The Receiver recommends that it would be in the best interests of the annuitants and the investors for the Receiver to conduct a 6-month review concerning Comerica's compliance with the requirements of the Transfer Order and the Transfer Agreement.  In this regard, the Receiver recommends that the Court leave the Receiver in place for six months from the date of entry of an Order partially discharging the Receiver with the narrow duties of conducting a review and, shortly thereafter, reporting to the Court her findings concerning the following: whether Comerica has properly invested the transferred funds, including a basic audit of Comerica's investment strategy in connection with those funds; whether Comerica has been making timely

payments to annuitants pursuant to the transferred CGAs; and whether Comerica has complied with all tax requirements as of the close of 2014, including compliance with the Closing Agreement between the Receiver and the Internal Revenue Service.  To avoid additional cost and expense to the Receivership Estate, the Receiver requests that she be relieved of all other duties under the Receivership Order, including quarterly reporting duties, until she submits her final Report at the close of the six-month period.

The Receiver further posits that by leaving the Receiver in place for the six-month period, albeit with limited duties and powers, the Receiver and her counsel will have sufficient time to complete any remaining administrative and ministerial duties in connection with the transferred CGAs, to complete necessary tax documents for 2014, and to complete the transfer to Comerica of proceeds from most, if not all, of the outstanding and pending litigation on behalf of the Estate.

Two weeks after the close of the six-month period, the Receiver will report her findings concerning Comerica's compliance with the Transfer Order and will provide a final accounting concerning the transfer of any outstanding funds to Comerica.

## V.  FINAL FEES AND COSTS

In order to accomplish the limited remaining duties of wrapping up the Receivership and ongoing litigation and of conducting a review of Comerica's compliance and reporting her findings to the Court, the Receiver anticipates that she and her counsel will require a total of approximately fifteen to twenty combined hours of work.

At the end of the six months, the Receiver will transfer any remaining balance to Comerica and provide an accounting of that final transfer to the Court with her final Report.  At that time, the Receiver recommends that she be fully and finally discharged.

## VI.  <u>CERTIFICATION</u>

Undersigned counsel hereby certifies that she has conferred with counsel for the SEC regarding her recommendations herein and such counsel consents to those recommendations.

## VII.  <u>CONCLUSION</u>

WHEREFORE, for the reasons set forth above, the Receiver respectfully recommends that this Court enter an order: (1) partially discharging the Receiver and relieving her of all of her duties and responsibilities as set forth in this Court's February 13, 2014, Receivership Order, with the limited exceptions described above; (2) requiring the Receiver to remain in place for six months with the limited responsibilities of: conducting a review of Comerica's compliance with the terms of the Transfer Order and reporting her findings to the Court within two weeks after the end of the six months; of completing all administrative and tax-related duties relating to the transfer of the CGAs to Comerica; and of transferring all funds recovered in connection with ongoing and pending litigation on behalf of the Receivership Estate; and (3) granting such other relief as this Court deems just and appropriate.

Dated: November 6, 2014.

Respectfully submitted,

**DAMIAN & VALORI, LLP**
*Counsel for Receiver*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile:  (305) 371-3965

*/s/ Melissa Damian Visconti*
MELISSA DAMIAN VISCONTI
FLORIDA BAR NO. 0068063

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Receiver's Seventh Status Report With Accounting of Receivership Assets Transferred to Comerica and Motion for Partial Discharge was served via CM/ECF this 6th day of November, 2014, upon all counsels of record.

*/s/ Melissa Damian Visconti*
MELISSA DAMIAN VISCONTI
FLORIDA BAR NO. 0068063

**DAMIAN & VALORI, LLP**
*Counsel for Receiver*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile:  (305) 371-3965